1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re

JOEL ESGUERRA FORRAL,

                     Debtor.

DAVID WALDEN,

                     Appellant,

     vs.

GREGORY A. AKERS, Chapter 7 Trustee,

                     Appellee.

CASE NO.  09-CV-2564 JLS (POR)

**ORDER: AFFIRMING DECISION OF BANKRUPTCY COURT**

     David Walden ("Appellant") appeals from the Bankruptcy Court's Order Granting Summary Judgment in favor of Gregory A. Akers ("Appellee"), Chapter 7 trustee. (Bankr. Ct. Order) Appellant asserts that the United States Bankruptcy Court for the Southern District of California improperly granted summary judgment in favor of Appellee's claim to avoid transfers made to Appellant as preferences. (Appellant Br. at 1.)  For the reasons stated below, the Court **AFFIRMS** the decision of the Bankruptcy Court.

## BACKGROUND

     This appeal arises from the September 6, 2007 Chapter 7 bankruptcy filing of Joel Esguerra Forral ("Debtor").  (Appellee Br. at 2.)  Appellee was appointed as bankruptcy trustee in Debtor's case.  (*Id.*)  Appellee filed suit on behalf of Debtor's bankruptcy estate, seeking to avoid certain

1  transfers made by Debtor to his brother-in-law, Appellant, as preferential pursuant to 11 U.S.C. § 547.

2  (*Id.*)

3      It is uncontested that the transfers at issue were related to property located at 2381 Boswell

4  Road, Chula Vista, California ("Boswell"). (*Id.*) Debtor owned a 50% undivided interest in Boswell.

5  Debtor's sister, Anabel Walden, along with her husband, Appellant, (collectively the "Waldens")

6  owned the remaining 50% interest. (*Id.* at 3.) In order to finance the purchase of Boswell, Debtor and

7  the Waldens obtained a loan of $1,350,000 from a predecessor of Union Bank. (*Id.*) Debtor and the

8  Waldens were equally liable for the loan, and were each required to pay half of the monthly mortgage

9  payment. (*Id.*) Boswell was leased to For All, Inc., a real estate and mortgage business owned 51%

10  by Debtor and 49% by the Waldens. (*Id.*) The rent paid by For All was used by Debtor and the

11  Waldens to make the monthly mortgage payments on Boswell. (*Id.*) In August 2005, Debtor

12  purchased the Waldens' share of For All. (*Id.* at 3–4.)

13      For All defaulted on the Boswell lease and ceased paying rent to Debtor and the Waldens in

14  July 2006. (*Id.* at 4.) As a result, Debtor and the Waldens were no longer able to make the monthly

15  mortgage payments to Union Bank, and the loan went into arrears. (*Id.*) Union Bank brought a state

16  court foreclosure action, at which point Appellant agreed to pay the $44,337.99 in loan arrears to

17  avoid foreclosure. (*Id.*) Appellant and Debtor claim that the $44,337.99 payment represented an

18  "advance" or "loan" from Appellant to Debtor. (*Id.*) On February 14, 2007, Debtor and the Waldens

19  borrowed an additional $100,000 from Union Bank, secured by a deed of trust on Boswell. (*Id.*)

20      Subsequently, between October 1, 2006 and February 14, 2007, Debtor made four transfers

21  totaling $94,181.48 to Appellant. Appellant characterizes these transfers as repayment of the

22  $44,337.99 "advance" and reimbursement for money Appellant paid towards Boswell, but for which

23  Debtor was responsible. (*Id.* at 5.) In addition to the transfers made directly to Appellant, Debtor

24  made two full loan payments totaling $25,127.10 to Union Bank in June and July of 2007. (*Id.* at 6.)

25  Because Debtor and Appellant were equally liable for the loan obligation, half of the payments

26  ($12,563.55) made by Debtor were on Appellant's behalf. (*Id.*) All of Debtor's transfers presently

27  at issue, which total $106,745.03, fell within the one-year preference period immediately preceding

28  Debtor's September 6, 2007 bankruptcy filing. (*Id.*)

On April 10, 2008, Appellee brought an action in the Bankruptcy Court to avoid and recover as preferences the $94,181.48 of transfers from Debtor to Appellant and $12,563.55 of the transfer from Debtor to Union Bank. (*Id.* at 2.) Appellee filed a motion for summary judgment on July 22, 2009. In response, Appellant denied that the transfers were preferential, claiming that Debtor was not insolvent at the time they were made. (Opp. to MSJ at 4–5.) Alternatively, Appellant argued that the transfers occurred within the ordinary course of Debtor's business, a defense to preference actions codified in § 547(c)(2). (*Id.*) The Bankruptcy Court granted Appellee's motion for summary judgment on September 22, 2009. (Appellee Br. at 2.) The Bankruptcy Court found that $49,095.23 of the transfers from Debtor to Appellant were avoidable, and that the entire $12,563.55 transfer to Union Bank was avoidable. (*Id.*) The Bankruptcy Court entered judgment against Appellant for $61,658.78 on November 2, 2009. (*Id.*) On October 2, 2009, Appellant filed a motion for reconsideration, which was denied by the Bankruptcy Court. Appellant timely filed Notice of Appeal to the United States District Court on November 12, 2009, along with a written statement of election to have the appeal heard by the district court, pursuant to Bankruptcy Rule 8001(e).

## LEGAL STANDARD

The district court has jurisdiction to hear an appeal from the bankruptcy court in this district under 28 U.S.C. § 158(a). A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *See In re Karelin*, 109 B.R. 943, 946–47 (B.A.P. 9th Cir. 1990). A bankruptcy court's decision to grant a motion for summary judgment is subject to *de novo* review. *Beeler v. Jewell (In re Stanton)*, 303 F.3d 939, 941 (9th Cir. 2002).

## DISCUSSION

The Bankruptcy Court granted summary judgment on Appellee's claim for avoidance of preferential transfers between Debtor and Appellant. When reviewing a grant of summary judgment, this Court's task "is identical to that of the [bankruptcy court]." *In re Black & White Cattle Co.*, 783 F.2d 1454, 1457 (9th Cir. 1986). "We must view the evidence and inferences therefrom in the light most favorable to the party opposing the motion for summary judgment." *Jewel Cos. v. Pay Less Drug Stores Northwest, Inc.*, 741 F.2d 1555, 1559 (9th Cir. 1984). A court must then determine whether the moving party has shown through admissible pleadings, depositions, answers to

1    interrogatories, and other affidavits that there is no genuine issue of material fact and that it would be

2    entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If this

3    burden has been met, the court assesses whether the non-moving party has come forward with its own

4    significant and probative evidence showing a genuine issue of material fact as to the relevant claims

5    or defenses.  *Id.* at 322–23.  Without specific evidence to support the conclusion, a bald assertion of

6    the "ultimate fact" by the nonmoving party is insufficient to fulfill its burden.  *See Schneider v. TRW,*

7    *Inc.*, 938 F.2d 986, 990–91 (9th Cir. 1991).

8         Applying this framework, the Court finds that the Bankruptcy Court properly granted

9    Appellee's motion for summary judgment.  Because Appellant failed to establish a genuine issue of

10   material fact in response to Appellee's motion, the Court **AFFIRMS** the Bankruptcy Court's grant

11   of summary judgment on Appellee's 11 U.S.C. § 547 claim.

12   **I.      Section § 547(b): Preference Payments**

13        The Bankruptcy Code allows debtors and trustees to avoid certain pre-bankruptcy payments

14   made by the debtor if they can be characterized as preferences pursuant to 11 U.S.C. § 547(b).  A

15   trustee may characterize a pre-petition transfer by the debtor as a preference by proving by a

16   preponderance of evidence that the transfer: (1) was made to or for the benefit of a creditor, (2) on

17   account of an antecedent debt, (3) made while the debtor was insolvent, (4) made within one year of

18   the bankruptcy filing if the transferee was an insider, and (5) enabled the creditor to receive more than

19   it would have otherwise received through the course of a chapter 7 bankruptcy.  11 U.S.C. § 547(b);

20   *See also Arrow Elec. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000).

21        The Bankruptcy Court found that the transfers from Debtor to Appellant satisfied the five

22   elements of a preference.  (Bankr. Ct. Order at 2.)  Here, Appellant asserts that the Bankruptcy Court

23   was incorrect in finding that Debtor was insolvent at the time of the transfers.  (Appellant Br. at 13.)

24   Because insolvency is the only element challenged by Appellant for which Appellee carries the burden

25   of proof, the Court will examine the sufficiency of Appellee's motion for summary judgment only as

26   to that element.  *See Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.

27   1985) ("[W]e will not . . . consider matters on appeal that are not specifically and distinctly raised and

28   argued in appellant's opening brief.").

1      In support of his motion for summary judgment, Appellee demonstrated Debtor's insolvency

2  during the period in question by setting forth various uncontested facts.  For example, Debtor was no

3  longer able to pay his portion of the Boswell mortgage payments and was five months behind in loan

4  payments due on his personal residence.  (MSJ at 9.)  In addition, Debtor's bank statements show that

5  his checking account was repeatedly overdrawn and he bounced eight checks during the period in

6  which the transfers were made.  (*Id.*)  This evidence would have entitled Appellee to judgment as a

7  matter of law on the question of Debtor's insolvency at the time of the transfers.  *Celotex*, 477 U.S.

8  at 322.

9      Accordingly, Appellant had to demonstrate that a genuine issue of material fact existed in

10 order to defeat Appellee's motion for summary judgment.  *See   Richards v. Neilsen Freight Lines*,

11 810 F.2d 898, 902 (9th Cir. 1987).  Appellant failed to do so.  In his opposition, Appellant claimed

12 Debtor was moving his assets to off-shore accounts and therefore any appearance of insolvency was

13 illusory.  (Opp. to MSJ at 4.)  However, Appellant's supporting evidence consisted entirely of

14 conclusory and self-serving testimony.  The Ninth Circuit "has refused to find a 'genuine issue' where

15 the only evidence presented is 'uncorroborated and self-serving' testimony."  *Villiarimo v. Aloha*

16 *Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).  For this reason, Appellant's opposition failed

17 to establish the existence of a genuine dispute of material fact.  Therefore, the Bankruptcy Court

18 properly granted Appellee's motion for summary judgment as to the question of Debtor's insolvency

19 at the time of the transfers.

20 **II.      Section 547(c)(2): Ordinary Course of Business Defense**

21     In an action to avoid and recover preferential payments, the Bankruptcy Code provides

22 creditors with an affirmative "ordinary course of business" defense.  11 U.S.C. § 547(c)(2); *see Sigma*

23 *Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 789 (9th Cir. 2007).  If

24 a creditor can prove that (1) the transfer "was in payment of a debt incurred by the debtor in the

25 ordinary course of business" and (2) that the transfer was either "made in the ordinary course of

26 business or financial affairs of the debtor and the transferee", or "made according to ordinary business

27 terms," the transfer cannot be avoided, regardless of its status as a preference.  11 U.S.C. § 547(c)(2);

28 *see In re Healthcentral.com*, 504 F.3d at 779.

1    The Bankruptcy Court found that the transfers from Debtor to Appellant were not made within
2    the ordinary course of business.  Appellant argues that this finding was incorrect, and therefore
3    summary judgment should not have been granted.  (Appellant Br. at 18–19.)  However, in opposing
4    Appellee's motion for summary judgment, Appellant had the burden of putting before the Bankruptcy
5    Court sufficient evidence to create a genuine issue of material fact, i.e. that the § 547(c)(2) defense
6    applied.  *See In re Healthcentral.com*, 504 F.3d at 789.  Appellant failed to meet that burden.

7    To prove that transfers occurred within the ordinary course of business, a creditor must show
8    that they were "ordinary in relation to past practices between the debtor and this particular creditor."
9    *Mordy v. Chemcarb, Inc. (In re Food Catering & Hous., Inc.)*, 971 F.2d 396, 398 (9th Cir. 1992).
10   Such a showing entails two components.  *Id.*  "First, the creditor must show a baseline of past
11   practices between itself and the debtor.  Second, the creditor must show that the relevant payments
12   were ordinary in relation to these past practices.'" *In re Healthcentral.com*, 504 F.3d at 791 (internal
13   citation omitted).  Appellant did not provide the Bankruptcy Court with evidence on either component.
14   Appellant merely quoted the language of § 547(c)(2), asserting in a conclusory and self-serving
15   manner that the transfers were "made in the ordinary course of business or financial affairs of the
16   debtor and the transferee or made according to ordinary business terms."  (Opp. to MSJ at 4–5.)

17   On appeal, Appellant presents additional evidence in support of the § 547(c)(2) defense.
18   Appellant suggests that a landlord-tenant relationship existed between Appellant and Debtor as a result
19   of the lease agreement with For All, which was eventually owned entirely by Debtor.  (Appellant Br.
20   at 19.)  Further, Appellant points to the loans for which Appellant and Debtor were jointly liable.  (*Id.*)
21   Appellant reasons that because these relationships were "ordinary business relationship[s]," any
22   payments from Debtor to Appellant should fit within the ordinary course of business defense.
23   Appellant's arguments are unavailing.  The fact that payments were made pursuant to an "ordinary
24   business relationship" does not necessarily lead to application of the § 547(c)(2) defense.  Appellant
25   has failed to address the requirement that the payments be "ordinary in relation to past practices
26   between the debtor and . . . creditor."  *Mordy*, 971 F.2d at 398.

27   However, failure of Appellant's arguments on their merits is of secondary importance.
28   Appellant waived these arguments because he did not raise them before the Bankruptcy Court.  The

1   Court will not address arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d
2   1045, 1052 (9th Cir.1999).  Therefore, Appellant's additional arguments on appeal do not present any
3   reason to reverse the Bankruptcy Court's order.  Accordingly, the Court **AFFIRMS** the Bankruptcy
4   Court's order granting summary judgment.

5                                                **CONCLUSION**

6          In summary, because Appellee properly supported his motion for summary judgment and
7   Appellant failed to establish any genuine issue of material fact in response, the Bankruptcy Court
8   properly granted Appellee's motion.  The Court **AFFIRMS** the Bankruptcy Court's decision to grant
9   Appellee's motion for summary judgment on his claim to avoid and recover preferential transfers.

10         IT IS SO ORDERED.

11

12  DATED:  April 14, 2010

13                                              Honorable Janis L. Sammartino
14                                              United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28